**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PET SILK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2967 |
| | § | |
| MARIA JACKSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pet Silk, Inc. has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the defendants' counterclaims. (Docket Entry No. 6). Pet Silk argues that the counterclaims alleging violations of Rule 11 and intentional infliction of emotional distress are legally defective. The defendants have not responded.

Based on a careful review of the motion, the pleadings, and the applicable law, this court grants the motion to dismiss. The reasons are explained below.

**I.    Background**

Pet Silk sued Maria Jackson and Robert Jackson ("the Jacksons"), both doing business as MJM Company, MJM Enterprises, and petsilkonline.com, on September 11, 2009. (Docket Entry No. 1). The Jacksons were distributors of Pet Silk products, a line of pet grooming products. (*Id.* at 2–3). Pet Silk asserted federal and state claims for trademark infringement and unfair competition and a state-law claim for breach of contract. (*Id.* at 5–6). Pet Silk had sued the Jacksons in 2006, asserting similar claims. *See Pet Silk, Inc. v. MJM Co.*, No. 06-cv-02465 (S.D. Tex.). A conditional order of dismissal was entered in that suit in December 2007 based on settlement. Pet Silk moved

to reinstate that case in March 2009, alleging that no settlement was in fact reached.  In April 2009, the court denied Pet Silk's motion to reinstate, based on a lack of jurisdiction.

Pet Silk filed this suit in September 2009.  The Jacksons answered and asserted counterclaims for a violation of Rule 11 of the Federal Rules of Civil Procedure and for intentional infliction of emotional distress under Texas law.  (Docket Entry No. 5 at 4).  The Jacksons alleged that Pet Silk's suit was "filed in bad faith for the sole purpose of harassment" and that they had suffered emotional distress as a result.  (*Id.*).  Pet Silk has moved to dismiss both counterclaims, arguing that Rule 11 provides no cause of action and that Texas law provides no basis for claiming that filing a lawsuit constitutes intentional infliction of emotional distress.  (Docket Entry No. 6 at 2–4).

## II.    The Legal Standards

Rule 12(b)(6) allows dismissal if a defendant asserting a counterclaim fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, a court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V(US), LP v. Barclays Bank PLC*, --- F.3d ----, 2010 WL 60897, at *3 (5th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949).  "[W]hen the allegations in a complaint, however true, could not raise a claim of

entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (ellipsis in original) (quoting *Twombly*, 127 S. Ct. at 1966).

**III.   Analysis**

    **A.   The Counterclaim for Violating Rule 11**

Rule 11 of the Federal Rules of Civil Procedure provides, among other things, that when an attorney or unrepresented party files a "pleading, written motion, or other paper," the attorney or unrepresented party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b).  Rule 11(c)(1) states that if a court determines that Rule 11(b) has been violated, the court may impose a sanction.  Rule 11(c)(2) sets out the procedure for seeking sanctions: a separate motion describing the specific conduct that allegedly violates the Rule, served but not filed during a 21-day safe harbor period in which the challenged claim may be withdrawn or corrected.  Rule 11(c)(4) and (5) address the nature of and limits on sanctions.

Pet Silk argues that Rule 11 does not create a cause of action and cannot be asserted as a counterclaim.  (Docket Entry No. 6 at 2).  The case law supports this argument.  *See Cohen v. Lupo*, 927 F.2d 363, 365 (8th Cir. 1991) ("Rule 11 is a procedural tool that under the Rules Enabling Act can not abridge, enlarge or modify any substantive right.  Rule 11 sanctions must be sought by motion in a pending case; there can be no independent cause of action instituted for Rule 11 sanctions." (citation and internal quotation marks omitted)); *Port Drum Co. v. Umphrey*, 852 F.2d 148 (5th Cir. 1988) (affirming dismissal of a suit seeking to enforce Rule 11 against attorneys in a

3

prior case and holding that Rule 11 does not create a separate cause of action); *Stark v. Gov't Accounting Solutions, Inc.*, No. 2:07-cv-755, 2008 WL 4683289, at * 2 (S.D. Ohio Oct. 22, 2008) ("Rule 11 was never intended to create a bad-faith tort in favor of a party who has been subjected to harassing or vexatious litigation. Accordingly, a counterclaim based on Rule 11 fails to state a claim upon which relief can be granted." (citation omitted)); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4408 n.41 (2d ed. 2002) (observing in the context of claim preclusion that Rule 11 "is a procedural tool that cannot abridge, enlarge, or modify any substantive right" and "does not create an independent cause of action, and cannot abridge the substantive state law of malicious prosecution").

The motion to dismiss the Jacksons' counterclaim for a violation of Rule 11 is granted because, as a matter of law, they cannot state a claim for relief under Rule 11.

### B.     The Counterclaim for Intentional Infliction of Emotional Distress

The elements of an intentional infliction of emotional distress claim under Texas law are that the defendant "(1) intentionally or recklessly (2) engaged in conduct that was 'extreme and outrageous' (3) thereby causing the plaintiff to suffer emotional distress (4) and that distress was severe." *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006) (quotation omitted). In Texas, "[i]t is for the court to determine in the first instance whether conduct is extreme and outrageous, and such claims are submitted to a jury only when reasonable minds may differ." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817 (Tex. 2005). "Meritorious claims for intentional infliction of

emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Kroger Tex. Ltd. P'ship*, 216 S.W.3d at 796.  Texas law is clear that the filing of a lawsuit is not "extreme and outrageous" conduct actionable as intentional infliction of emotional distress, even when the claims lack merit. *See Atlin v. Mendes*, No. 3:06-CV-1909-L, 2008 WL 3874693, at *4 (N.D. Tex. Aug. 12, 2008) (citing *Montemayor v. Ortiz*, 208 S.W.3d 627, 657 (Tex. App.—Corpus Christi 2006, pet. denied)) (holding that a counterclaim for intentional infliction of emotional distress failed to state a claim upon which relief can be granted when the claim was based on the filing of the lawsuit).  The Jacksons' counterclaim for intentional infliction fails as a matter of law and is dismissed.

**IV.     Conclusion**

Pet Silk's motion to dismiss the Jacksons' counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted because the law does not provide a basis for the relief sought. This ruling does not implicate the Supreme Court's recent holdings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009), and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

SIGNED on January 14, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge